JS-6

| | | |
|---|---|---|
| | Priority | ____ |
| | Send | ____ |
| | Enter | ____ |
| | Closed | ____ |
| | JS-5/JS-6 | ____ |
| | Scan Only | ____ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

=====================================================================

**CASE NO.:** CV 16-01075 SJO (PLAx)      **DATE:** April 29, 2016

**TITLE:**  <u>Lomeli v. HD Supply, Inc. et al.</u>

=====================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                 Not Present

=====================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 9]; **DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** [Docket No. 10]

This matter is before the Court on (1) Plaintiff Randolph Lomeli's ("Plaintiff") Motion for Remand ("Lomeli Motion"), filed March 29, 2016; and (2) Defendant Jim Schneider's ("Schneider") Motion to Dismiss Plaintiff's Complaint ("Schneider Motion"), filed April 1, 2016. Plaintiff opposed the Motion to Dismiss ("Schneider Opposition") on April 6, 2016, replied to the Lomeli Motion on April 22, 2016. Schneider did not oppose the Lomeli Motion, but replied to the Motion to Dismiss on April 25, 2016. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for May 2, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Lomeli Motion and **DENIES AS MOOT** the Schneider Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This employment dispute presents the parties' second trip to the federal court system, after Schneider and co-defendant HD Supply, Inc.'s ("HD Supply") first removal attempt in *Lomeli v. HD Supply, Inc. et al.*, No. CV 15-07759 SJO (SHx) (C.D. Cal.) ("First Removal Action") was rebuffed. *See* Order Granting Pl.'s Am. Mot. to Remand, First Removal Action (Nov. 6, 2015), ECF No. 19 ("First Remand Order"). In the First Remand Order, the Court remanded in light of HD Supply's inability to demonstrate that the amount in controversy exceeds $75,000, as required by 28 U.S.C. section 1332 ("Section 1332"). *See generally* First Remand Order.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 16-01075 SJO (PLAx)</u>     DATE: <u>April 29, 2016</u>

Plaintiff's state court complaint ("Complaint") against Defendants[1] was filed in Los Angeles Superior Court on August 3, 2015 in a case captioned *Lomeli v. HD Supply, Inc., et al.*, No. BC590214 (Cal. Super. Ct. Aug. 3, 2015) ("State Court Action"). (*See* Decl. Sarina Saluja in Supp. Notice and Pet. for Removal of Action ("Saluja Decl."), Ex. A ("Compl."), ECF No. 1.) Plaintiff amended his complaint ("FAC") on January 28, 2016 solely to add HD Supply Management, Inc. ("HDSM") as one of the fictitious defendants (together with HD Supply and Schneider, "Defendants"). (*See* Saluja Decl., Ex. E.)

On January 15, 2016, counsel for Defendants received Plaintiff's Case Management Conference ("CMC") Statement in the State Court Action. (Saluja Decl., Ex. J ("CMC Statement").) In the CMC Statement, Plaintiff alleges that he is seeking damages in excess of $245,000. (CMC Statement ¶ 4(b).)

On February 10, 2016, counsel for Defendants received an email from Plaintiff's counsel regarding whether their firm was authorized to accept service on behalf of Schneider. (*See* Saluja Decl., Ex. H.) The same day, counsel for Defendants informed Plaintiff's counsel to send her a notice of acknowledgment of receipt for service of the FAC for Schneider. (Saluja Decl., Ex. H.) Counsel for Defendants had not received such acknowledgment as of the date they removed the State Court Action. (Saluja Decl. ¶ 9.)

Plaintiff alleges the following in his Complaint. Plaintiff resides in the state of California. (Compl. ¶ 1.) HD Supply, Inc. is a business entity authorized to do business in, and conduct business in, Los Angeles County. (Compl. ¶ 2.) Schneider "was, and now is, an individual residing in the County of Los Angeles, State of California, and was a Owner, Officer, Shareholder, Director, Manager, Supervisor, Lead, Managing Agent and employee of Defendants . . ." (Compl. ¶ 3.)

For approximately two-and-a-half years, Plaintiff was employed as a driver by HD Supply. (Compl. ¶ 6.) In April or May of 2012, Plaintiff developed physical disabilities including foot injuries, tendon injuries, and associated conditions. (Compl. ¶ 7.) Plaintiff kept Defendants informed of his disability at all relevant times, and made a Worker's Compensation claim. (Compl. ¶¶ 8-9.) Plaintiff "was entitled to and/or requested and/or was granted, full and/or intermittent CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal, from September 2013 onwards." (Compl. ¶ 10.) In or around December 2013, Plaintiff underwent foot surgery. (Compl. ¶ 11.) Plaintiff returned to work on April 7, 2014. (Compl. ¶ 12.)

---

[1] Although Plaintiff has named "Jim Snyder" as a defendant in both the instant action and the First Removal Action, Plaintiff does not dispute Defendants' averment that the individual defendant's actual name is "Jim Schneider." (*See, e.g.*, Lomeli Mot. 3, ECF No. 9.) Although it is immaterial for purposes of the instant Motion, the Court refers to the individual defendant as "Schneider."

Case 2:16-cv-01075-SJO-PLA Document 19 Filed 04/29/16 Page 3 of 8 Page ID #:358

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 16-01075 SJO (PLAx)     DATE: April 29, 2016

Upon returning to work, "each of" the Defendants harassed, discriminated against, and retaliated against Plaintiff by, among other things, cutting Plaintiff's work hours and routes and assigning Plaintiff, who is short, the largest trucks. (Compl. ¶ 13.) In particular, Schneider "slapped papers out of Plaintiff's hands, knocked his boxes over and called him 'shorty' on a daily basis." (Compl. ¶ 13.) Plaintiff complained about and protested these actions to superiors, to no avail. (Compl. ¶ 14.) On or about August 15, 2014, one of Plaintiff's supervisors informed Plaintiff that he was terminated because he had missed a lunch break the prior week, even though Plaintiff explained that he had been scheduled to start at a different hour, which had shifted the lunch break period. (Compl. ¶ 15.)

Plaintiff asserts the following causes of action against Defendants: (1) violation of California Government Code section 12940 *et seq.* ("FEHA") due to unlawful employment practices; (2) violation of California Government Code section 12945.2 (the "California Family Rights Act" or "CFRA") by failing to give Plaintiff an opportunity to return to work and refusing to allow Plaintiff to retain Plaintiff's employee status; (3) retaliation and wrongful termination in violation of California Government Code section 12940 *et seq.*, California Labor Code section 132a, and California Civil Code section 3333; and (4) declaratory relief. (*See generally* Compl.)

The instant action was removed to this Court on February 16, 2016. (*See* Notice and Pet. for Removal of Action, ECF No. 1.)

II.     DISCUSSION

Although two motions are pending before the Court, several of the legal issues contained therein are integrally related.

In the Lomeli Motion, Plaintiff offers five reasons why the instant action should be remanded to state court. First, Plaintiff contends that Schneider, who allegedly has been served with the Complaint, has not joined HD Supply in the Notice of Removal, rendering removal improper pursuant to 28 U.S.C. section 1446(b)(2)(A). (Lomeli Mot. 3, ECF No. 9.) Second, Schneider, who is not diverse from Plaintiff, was not fraudulently joined because management personnel can be held liable under California Government Code section 12940 for harassment of an employee. (Lomeli Mot. 5.) Third, removal is untimely because HD Supply did not remove the State Court Action within thirty days of the Case Management Conference. (Lomeli Mot. 10.) Fourth, Defendants cannot prove, based on a single statement made during the Case Management Conference, that the amount in controversy exceeds $75,000, defeating diversity jurisdiction. (Lomeli Mot. 12.) Finally, HD Supply Management, Inc. ("HDSM") is not Plaintiff's employer, and

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

CASE NO.: CV 16-01075 SJO (PLAx)　　　　　　DATE: April 29, 2016

HD Supply's attempt to name HDSM as an additional defendant for the purpose of effecting removal a second time is a sham. (Lomeli Mot. 14.)[2]

In the Schneider Motion, Defendants contend that Schenider must be dismissed as a defendant in the instant. (*See generally* Schneider Mot., ECF No. 10.) First, Defendants argue that there is no individual liability for discrimination, retaliation, violation of CFRA, or wrongful termination claims, warranting dismissal of these claims. (Schneider Mot. 4-5.) Defendants further contend that, with respect to the harassment claim, Plaintiff fails to state sufficient facts that Schneider's conduct was clearly based on Plaintiff's disability or was sufficiently "severe" or "pervasive" so as to alter the conditions of Plaintiff's employment. (Schneider Mot. 6-8.) Defendants also argue that Plaintiff's declaratory relief claim fails as to Schneider because all of the other causes of action fail. (Schneider Mot. 9.)

　　A.　Legal Standards

　　　　1.　Diversity Jurisdiction: Amount-In-Controversy and Fraudulent Joinder

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Jurisdictional facts are assessed on the basis of Plaintiff's complaint at the time of removal." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). General allegations that the amount in controversy exceeds $75,000 does not satisfy this burden. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1067 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

---

　　[2] Plaintiff also contends that, should Plaintiff succeed in its Motion, the Court should award it attorneys' fees and costs incurred in composing the Motion. (Mot. 15.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 16-01075 SJO (PLAx)</u>        DATE: <u>April 29, 2016</u>

A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of America*, No. CV 15-902-GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts sitting in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "Federal Jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bacharach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)).

> 2. Rule 12(b)(6): Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"), which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," *see* Fed. R. Civ. P. 12(b)(6), must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"). *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under Rule 12(b)(6). *See Twombly*, 550 U.S. at 545. In reviewing a motion to dismiss under Rule 12, a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that

JS-6

Case 2:16-cv-01075-SJO-PLA Document 19 Filed 04/29/16 Page 6 of 8 Page ID #:361

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 16-01075 SJO (PLAx)                DATE:  April 29, 2016

the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

    B.    <u>Analysis</u>

        1.    <u>Defendants Have Established the Amount in Controversy Exceeds $75,000</u>

Unlike in the First Removal Action, Defendants have come prepared with documentation corroborating the amount-in-controversy requirement.  In the CMC Statement, Plaintiff submitted to the state court that it is seeking (1) at least $100,000.00 in loss of earnings; (2) at least $100,000.00 in future loss of earnings; (3) $20,000.00 in general damages; and (4) $25,000,000.00 in punitive damages.  (*See* CMC Statement ¶ 4(b).)  This amount far exceeds the $75,000.00 threshold provided in Section 1332(a).  Moreover, the Court treats the CMC Statement as "other paper" within the meaning of Section 1446(b)(3), *see* 28 U.S.C. § 1446(c)(3)(A), and accordingly considers the statements made therein when ruling on the instant motion to remand, *see Olonzo v. Wells Fargo Bank, N.A.*, No. CV 09-6611 PSG (RCx), 2010 WL 330245, at *3 (C.D. Cal. Jan. 21, 2010) (holding that a "Case Management Statement" constitutes "other paper," and that it is "proper to consider the assertions made in that Statement in determining whether removal here is proper"); *see also Riggs v. Continental Banking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) (finding that plaintiff's deposition testimony constituted "other paper").  Plaintiff's protestations that other evidence elicited during discovery "is the best evidence to prove by a preponderance the amount in controversy" does not alter the fact that Plaintiff himself admitted that he is seeking well beyond $75,000 in monetary relief, particularly where Plaintiff has not proffered any such allegedly contradictory statements made or obtained during the course of discovery.

Accordingly, the Court **DENIES** the Lomeli Motion on the issue of whether the amount-in-controversy requirement is satisfied.

        2.    <u>Although Plaintiff Has Failed to State a Claim Against Schneider, Because Plaintiff Can Amend His First Cause of Action for Harassment, the Court Must Remand</u>

Plaintiff in his Complaint asserts three substantive causes of action against Schneider:  (1) harassment, discrimination, and retaliation in violation of FEHA; (2) violation of CFRA; and (3) retaliation and wrongful termination in violation of public policy.  Although the Court finds that Schneider has provided "clear and convincing evidence" that Plaintiff cannot succeed in his

JS-6                  UNITED STATES DISTRICT COURT        Priority    \_\_\_
                         CENTRAL DISTRICT OF CALIFORNIA        Send      \_\_\_
                                                                       Enter      \_\_\_
                                      CIVIL MINUTES - GENERAL             Closed     \_\_\_
                                                                          JS-5/JS-6 \_\_\_
                                                                          Scan Only \_\_\_

CASE NO.:   CV 16-01075 SJO (PLAx)          DATE:   April 29, 2016

discrimination and retaliation claims against Schneider,[3] see *Hamilton Materials*, 494 F.3d at 1206, because "it may not be said that it is impossible" for Plaintiff to state a cause of action for harassment in violation of FEHA against Schneider, *Munoz*, 2015 WL 4507104, at *1, the Court must remand the instant action.

"To establish a claim for harassment [under FEHA], a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1344 (9th Cir. 2013) (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999)). California courts require that the harassment complained of must be "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment . . . ." *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989). Thus, "harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Id.* at 610. It follows that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted).

Here, the sole allegations in Plaintiff's Complaint that concern Schneider are that he "slapped papers out of Plaintiff's hands, knocked his boxes over and called him 'shorty' on a daily basis." (Compl. ¶ 13.) Although Plaintiff alleges only two isolated incidents of physical abuse, such conduct, when coupled with allegations that Schneider verbally harassed Plaintiff "on a daily basis" might be sufficient to state a claim for harassment in violation of FEHA. Unlike in *Manatt v. Bank of America, NA*, 339 F.3d 792, 799 (9th Cir. 2003), a case decided on summary judgment in which the plaintiff's coworkers directed racially insensitive "humor" at the plaintiff "on only a couple of occasions" over a two-and-a-half year period, Plaintiff alleges that Schneider verbally abused him "on a daily basis," and even committed two acts of physical aggression. Indeed, the Ninth Circuit

---

[3] In *Reno v. Baird*, the California Supreme Court held that although the employer may be liable for unlawful discrimination, individuals working for the employer, including supervisors, are not personally liable for that discrimination. 18 Cal. 4th 640, 76 Cal. Rptr. 2d 499 (1998). Ten years later, the California Supreme Court in *Jones v. Lodge at Torrey Pines Partnership* held that although "the employer is liable for retaliation under section 12940, subdivision (h), . . . nonemployer individuals are not personally liable for their role in that retaliation." 42 Cal. 4th 1158, 1174, 72 Cal. Rptr. 3d 624, 637 (2008). Nor is there individual liability for retaliation in violation of public policy or retaliation for taking leave under the CFRA. *See Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 287, 100 Cal. Rptr. 3d 296, 333 (1st Dist. 2009) (citing *Jones*, 42 Cal. 4th at 1173). Thus, Schneider cannot, as a matter of law, be held liable under FEHA's discrimination or retaliation prongs, CFRA's anti-retaliation provision, or for retaliation in violation of public policy.

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

CASE NO.: <u>CV 16-01075 SJO (PLAx)</u>   DATE: <u>April 29, 2016</u>

in *Manatt* noted that if the defendants' racially insensitive gestures "had occurred repeatedly, [Plaintiff] may very well have had an actionable hostile environment claim." *Id.* (citation omitted). Accepting these allegations as true—as the Court must when ruling on Schneider's motion to dismiss and Plaintiff's motion to remand—the Court does not find that Plaintiff has failed to stated a claim for harassment in violation of FEHA. *See Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000) (noting that "the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct"). Indeed, even if the Court were to find Plaintiff's allegations deficient, the Court cannot say that Plaintiff cannot succeed against Schneider as to this claim, for Plaintiff could "amend [his] claim to cure any arguable defects." *Munoz*, 2015 WL 4507104, at *2.

Accordingly, Defendants have not proved by "clear and convincing" evidence that Schneider was fraudulently joined, and the Court therefore **GRANTS IN PART** the Lomeli Motion.[4] Because there is not complete diversity between the parties, this Court **REMANDS** this matter to the Superior Court of the State of California in and for the County of Los Angeles.

III. <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff Randolph Lomeli's Motion for Remand and **DENIES AS MOOT** Defendant Jim Schneider's Motion to Dismiss Plaintiff's Complaint. This matter is hereby **REMANDED** to the Superior Court of the State of California in and for the County of Los Angeles. Because this is the second time the Court has remanded this matter, the Court remands with instructions not to attempt removal for a third time.

IT IS SO ORDERED.

---

[4] Because the Court concludes that it lacks subject-matter jurisdiction over the instant action, it need not consider the remainder of Plaintiff's arguments contained in the Lomeli Motion. Moreover, because the Court remands this action, it **DENIES AS MOOT** the Schneider Motion.